OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant, a registered nurse employed at the Isabella Geriatric Center in Manhattan, was convicted under Public Health Law § 12-b (2), after a bench trial, of wilfully violating a provision of the Public Health Law and regulations adopted thereunder (see, Public Health Law § 12-b [2]) in connection with the alleged abuse or mistreatment of an elderly resident (see, Public Health Law § 2803-d [7]; 10 NYCRR 81.1 [a], [b]). Defendant was also convicted of falsifying business records in *854 the second degree (Penal Law § 175.05) for making a false entry pertaining to the incident. Public Health Law § 2803-d (7) proscribes acts of physical abuse, neglect or mistreatment of residents or patients in facilities such as the Isabella Geriatric Center. Under 10 NYCRR 81.1 (a) the term "abuse” is defined as "inappropriate physical contact with a patient or resident of a residential health care facility * * * Inappropriate physical contact includes, but is not limited to, striking * * * shoving”. Under 10 NYCRR 81.1 (b) "mistreatment” is defined as, among other things, "inappropriate use of physical * * * restraints on * * * a patient or resident of a residential health care facility”.
According to the evidence adduced at trial defendant — attempting to locate two missing $5 bills — forcibly searched an 86-year-old resident who had a history of heart disease. Despite the resident’s repeated objections, defendant went through his pockets while an attendant pinned his arms behind him. Shortly after the incident, the resident died. Defendant made an entry in the resident’s medical records concerning the circumstances surrounding his death but failed to mention the search. The trial court in its written decision (131 Mise 2d 807, 809-810, 812) found that defendant had been instructed in appropriate behavior; that she knew her actions in searching defendant were improper; and that the entry she made in the resident’s records was false. On appeal, after a unanimous affirmance by the Appellate Division, defendant contends that the People did not make the required showing that she wilfully violated a provision of the Public Health Law or a Public Health Law regulation.
We decline to adopt the People’s contention that for criminal liability under Public Health Law § 12-b (2) it need only be shown that the defendant acted deliberately and voluntarily, as opposed to accidentally. This construction requires reading the word "wilfully” — not as modifying "violates”, the word which immediately follows it in the statute — but rather as describing the manner in which the underlying act was committed. In short, the People would have us read the statute as stating that any person who consciously performs an act, when such act happens to contravene some provision or regulation of the public health laws, is guilty of a misdemeanor. This construction contradicts the statute’s plain meaning. It would, in practical effect, result in the imposition of strict criminal liability for violations of scores of measures contained in the Public Health Law and regulations prohibit *855 ing seemingly innocuous conduct (see, e.g., 10 NYCRR 70.2, 79.6, 100.1 [e]). In the absence of a clear legislative intent to impose strict criminal liability, such construction should not be adopted (see, Penal Law § 15.15 [2]; Liparota v United States, 471 US 419, 426; LaFave and Scott, Substantive Criminal Law § 3.8 [c] [1986]). Moreover, the Legislature has demonstrated in other sections of the Public Health Law that when it intends to impose strict criminal liability, it does so clearly (see, Public Health Law § 2805-b [2] [a] [general hospital’s failure to render emergency medical care and treatment to a person in need of such care and treatment is a misdemeanor]; see also, Penal Law §§ 15.10, 15.15).
We also reject defendant’s contention, however, that for liability under Public Health Law § 12-b it must be shown that defendant acted with an "evil motive, bad purpose or corrupt design”. We hold that the Legislature, in using the term "wilfully” in Public Health Law § 12-b, intended a culpable mental state generally equivalent to that required by the term "knowingly” (see, Model Penal Code § 2.02 [8] [Official Draft and Revised Comments 1985]; see also, People v Angelakos, 128 Misc 2d 844, 848 revd on other grounds 70 NY2d 670; United States v Bishop, 412 US 346, 360). To require proof of an evil motive or intent to injure — higher culpable mental states appropriate for intentional crimes classified as felonies — for conduct in violation of a statute or regulation which the Legislature has seen fit to classify under Public Health Law § 12-b (2) as a misdemeanor would be impermissible judicial legislation. It would also be inconsistent with the legislative purpose of protecting the public against Public Health Law violations by criminalizing a broad range of conduct under Public Health Law § 12-b but, at the same time, treating such regulatory or statutory violations as crimes of less serious degree.
Nor were the People required, as defendant impliedly argues, to demonstrate that she knew she was violating a specific statute or regulation. Rather, the People were required to show only that defendant was aware that her conduct was illegal (see, People v Angelakos, supra, at 848; see also, Liparota v United States, supra, at 433-434; United States v Bishop, supra, at 360; United States v Golitschek, 808 F2d 195, 202 [2d Cir]). Here, defendant admitted receiving a copy of the patient’s bill of rights (codified in Public Health Law § 2803-c) and attending lectures regarding its contents. The bill of rights mandates, among other things, that residents *856 must be free from having their personal privacy invaded; being physically or mentally abused; and being forced to do anything against their will (see, Public Health Law § 2803-c [3]). Moreover, defendant admitted that she knew that it would be inappropriate to search a patient who physically resisted. There is ample support in the record for the Trial Judge’s undisturbed finding that the People established "a knowing violation * * * of the statute” (see, 131 Misc 2d 807, 810, supra). Defendant’s remaining contention pertaining to her conviction for falsifying business records (see, Penal Law § 175.05) is without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., Bellacos a and Dillon* concur.
Order affirmed in a memorandum.

 Designated pursuant to NY Constitution, article VI, § 2.