OPINION OF THE COURT
Stephen G. Crane, J.
The nine pending motions in the above-captioned eight actions are consolidated for disposition.
The People of the State of New York by G. Oliver Koppell, Attorney-General of the State of New York, petition to permanently enjoin Alamo Rent A Car, Inc. (Alamo), NYRAC, Inc., *638 sued herein as Budget Rent A Car Corporation, Inc. (Budget), The Hertz Corporation (Hertz), National Car Rental System, Inc. (National), Avis Rent A Car System, Inc. (Avis), Enterprise Rent A Car, Inc. (Enterprise), Dollar Systems, Inc. (Dollar), and Thrifty Car Rental, Inc. (Thrifty) from refusing to rent motor vehicles to persons under age 25 in violation of General Business Law § 391-g. The petitioners also request the imposition of penalties of $500 for each violation of General Business Law § 391-g, and for an order directing respondents to pay costs pursuant to CPLR 8303 (a) (6). Avis moves by separate motion for summary judgment. Hertz, Budget, National, Alamo, and Enterprise request judgment dismissing the petitions pursuant to CPLR 409 (b) and 411. Dollar and Thrifty have defaulted.
FACTS
General Business Law § 391-g (1), titled "Rental of motor vehicles; discrimination on the basis of age prohibited,” states that it is unlawful for any corporation, involved in the business of renting vehicles, to refuse to rent to persons 18 years of age or older, solely on the basis of age "provided that insurance coverage for such age is available.” "Any actual extra cost for insurance * * * may be passed on to such person.” (General Business Law § 391-g [1].) A fine of up to $500 may be imposed for a violation of General Business Law § 391-g (1). (General Business Law § 391-g [2].)
Hertz, Budget, National and Avis refuse to rent to consumers under 25 years of age solely on the basis of age. Enterprise and Alamo refuse to rent to consumers between the ages of 18 and 20. Dollar and Thrifty refuse to rent to consumers under age 21. The respondents justify this practice by alleging that there is no insurance available for renters in these age groups.
The New York Automobile Insurance Plan (NYAIP) will provide insurance coverage for the respondents regardless of the age of the driver. The following coverage is available from NY ATP for these companies: (a) bodily injury liability insurance, up to a maximum of $250,000 per individual/$500,000 per accident; (b) third-party property damage, up to a maximum of $100,000; (c) personal injury protection coverage, i.e., no fault (including additional personal injury protection), up to $125,000 coverage for first-party medical and rehabilitation costs as well as basic economic loss; (d) uninsured motorist insurance, up to a maximum of $250,000 per person/$500,000 *639 per accident. Physical damage insurance (collision and comprehensive insurance for the vehicle) and first-party medical payment insurance for benefits beyond no-fault coverage are not available through NYAIP.
NYAIP does not provide coverage based on a specific age group. Coverage is for specific vehicles only, and the vehicles must be registered in New York State. The minimum coverage period is one year and coverage is not available for a single rental or for any period of time less than one year. No refund of the premium would be available if no persons under the age of 25 rented the covered vehicle during the policy term. NYAIP adjusts its rate according to where the vehicle is principally garaged; if one location cannot be determined, then the highest geographic rate is charged (this would be rates applicable to Brooklyn, New York).
DISCUSSION
The legislative intent of General Business Law § 391-g is of the foremost importance. Courts are required to look to the purpose and intent of the Legislature. (Matter of 1605 Book Ctr. v Tax Appeals Tribunal, 83 NY2d 240, 244; Matter of Brusco v Braun, 199 AD2d 27.) Statutes are to be construed so that the legislative purpose is carried out, and not based on strained or overly technical readings of the statute’s language. (Matter of Allstate Ins. Co. v Shaw, 52 NY2d 818, 821.) The legislative purpose of General Business Law § 391-g is the prevention of discrimination against drivers between the ages of 18 through 24. Indeed, this intent can be gleaned merely from the title of General Business Law § 391-g. The intent is reaffirmed by Senator Pisani’s memorandum in support of the bill. He states that companies refusing to rent to persons age 18 to 24 create hardship on those individuals and General Business Law § 391-g prohibits companies from engaging in this practice. (1977 NY Legis Ann, at 113.) Assemblyman Gottfried also spoke of the legislative intent in his memorandum in support of General Business Law § 391-g. The bill is designed to "prohibit a rental car agency from refusing to rent a car to anyone 18 years of age or older, strictly on the basis of age.” (Bill Jacket, L 1977, ch 136.) He states that additional costs of insurance would be paid for by the consumers. (Ibid.) It is apparent that the Legislature intended to stop rental companies from refusing to rent to drivers under age 25.
General Business Law § 391-g (1) includes a clause that age- *640 based discrimination is unlawful "provided that insurance coverage for persons of such age is available” (the Proviso). The respondents allege that insurance is not available for this age group as intended by the Legislature, even under NYAIP. The Proviso for available insurance in General Business Law § 391-g does not mandate the availability of any and all types of coverage wished for by the rental companies. The minimum insurance coverage required by the financial security law of New York is: (a) $10,000 per person/$20,000 per accident for bodily injury; (b) $50,000 per person/$100,000 per accident for death; (c) $5,000 for property damage; and (d) $10,000 per person/$20,000 per accident for uninsured motorist protection. (Vehicle and Traffic Law § 370 [1].) NYAIP provides coverage that is substantially above these coverages required by Vehicle and Traffic Law § 370 (1). NYAIP coverages include: bodily injury, $250,000 per person/$500,000 per accident; property damage liability, $100,000; personal injury protection, $125,000; and uninsured motorist protection, $250,000 per person/ $500,000 per accident. Even if the statutory minimum were considered inadequate in contemplation of General Business Law § 391-g, the significantly greater coverage offered by NYAIP is hardly classifiable as unreasonable coverage. The rule of reason must inform our interpretation of the Proviso. (See, Allstate Ins. Co. v Shaw, 52 NY2d 818, 820, supra.) Therefore, insurance is available within the meaning of the Proviso.
The respondents argue that their highest monetary loss for this age group would be physical damage to the vehicles. Since physical damage is not covered by NYAIP, respondents argue that adequate insurance is not available under NYAIP. However, General Business Law § 396-z prevents rental companies from selling physical damage waivers to any consumers in order to cover these risks. The physical damage costs must be included within the rental rate. (General Business Law § 396-z.) If the cost of physical damage is already factored into the rental rate, then there is no need for yet another substitute for this coverage for persons under 25. The amount of physical damage to a vehicle cannot exceed the cost of the vehicle. Therefore, the age of the consumer is irrelevant, in that a younger renter[1] cannot cause physical damage beyond the value of the vehicle, and the value of the vehicle is incorpo *641 rated in the rental rate. This disposes of the respondents’ claim regarding the statutory substitute for physical damage coverage.
Further, the respondents allege that General Business Law § 391-g mandates that renting to persons under age 25 must be cost neutral to the rental agency. Indeed, recognizing the additional costs that will be incurred in insuring these younger drivers, General Business Law § 391-g allows the rental companies to pass on to the consumer any additional charge for insurance (”[a]ny actual extra cost for insurance * * * may be passed on to such person” [General Business Law § 391-g] [emphasis added]). The respondents claim that they would have to insure their entire fleet for these younger drivers and, because their vehicles are not principally garaged at any one location, they would be charged the highest rate available. Respondents argue that the cost of insuring their entire fleet at the highest rate would be so prohibitive that no persons under 25 would rent their vehicles.
This argument is unpersuasive. First, the respondents would not have to insure their entire fleet under NYAIP. They could segregate their fleet and only insure a certain number of vehicles. Only those vehicles insured by NYAIP would be available to persons under 25. The respondents contend that they would not be able to calculate how many young drivers would rent their vehicles. This is unpersuasive, however, since many of the respondents rented to persons under 25 in the past. From this experience they could estimate the number of vehicles to be rented by such consumers. If a rental company is not able to rent to a young consumer because of a shortage of properly insured vehicles, then the company is not refusing to rent solely on the basis of age and would not be violating General Business Law § 391-g. Second, the respondents are only able to pass on the extra costs of insurance to consumers under 25. Only the difference between the current cost of insurance for persons over 25 and the cost of insurance under NYAIP may be passed on to the consumer. Third, General Business Law § 391-g only requires that rental vehicles be made available to consumers between the ages of 18 through 24. It is irrelevant how high the cost is to such consumer, as long as the opportunity is available. Therefore, the fact that the cost to these younger renters may be prohibitive in the opinion of the respondents is of no consequence. General Business Law § 391-g mandates that rental cars be made *642 available to these consumers, no matter what the cost to them.
In conclusion, the legislative intent of General Business Law § 391-g is clear that rental vehicles be made available to these consumers, regardless of the cost to the young renters. Insurance is available for consumers aged 18 to 24 under NYAIP. The coverage offered by NYAIP would substantially cover any liability for these renters. The cost of insuring these drivers would be passed on to them and the rental companies would not incur a large portion of these costs. Although NYAIP may not make the respondents "whole” as they would like, General Business Law § 391-g does not require that all the insurance that the respondents prefer be made available at no extra cost to them.
In view of the foregoing, petitioners have established a likelihood of success on the merits, the existence of irreparable harm absent the granting of the injunction, and a balance of the equities in their favor (Grant Co. v Srogi, 52 NY2d 496, 517). Therefore, petitioner’s request for injunctive relief against each respondent is granted.[2] Avis’ motion for summary judgment is denied.
Settle judgment in each proceeding including provisions for the sums to be imposed as penalties pursuant to General Business Law § 391-g and costs pursuant to CPLR 8303 (a) (6).

. It is hereby noteworthy at this point that respondents allow drivers under 25 provided the renters are 25 or older.

. Against Dollar and Thrifty the petitions are granted on default.