■ THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v ALAMO RENT A CAR, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v BUDGET RENT A CAR CORP., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v HERTZ CORPORATION, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v NATIONAL CAR RENTAL SYSTEM, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v AVIS RENT A CAR SYSTEM, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v ENTERPRISE RENT A CAR, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v DOLLAR SYSTEMS, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, by DENNIS C. VACCO, as Attorney-General, Respondent, v THRIFTY CAR RENTAL, INC., Appellant. [642 NYS2d 213] —Judgment and order (one paper), Supreme Court, New York County (Stephen Crane, J.), entered September 18, 1995, against respondents Alamo, Budget, Hertz, National, Avis, and Enterprise, and judgments and orders (one paper), same court and Justice, entered November 2, 1995, against respondents Dollar and Thrifty, all of which granted petitioner Attorney-General's applications for permanent injunctions enjoining respondent car rental companies from refusing to rent cars to persons between the ages of 18 and 25 solely on the basis of age in violation of General Business Law § 391-g, unanimously affirmed, without costs.

Respondents justify their refusal to rent to young drivers on the ground that General Business Law § 391-g, which prohibits discrimination in renting of motor vehicles on the basis of age, is subject to the proviso that insurance coverage for persons 18 years or older be "available" (§ 391-g [1]), assertedly not the case because of young drivers' substantially higher accident rates. The People counter that insurance coverage is available through the New York Automobile Insurance Plan ("NYAIP").

We agree with the IAS Court that since the overriding purpose of section 391-g is to prevent discrimination against young drivers, not to protect rental companies from the increased risk associated with renting to this market, that the insurance coverage available through NYAIP satisfies the statutory proviso. That the NYAIP coverage does not protect rental companies from all risks they might desire to have covered, particularly physical damage, does not make it inadequate, given that physical damage coverage is not statutorily required (Vehicle and Traffic Law § 370), and the IAS Court's suggestion as to how respondents could protect against this risk through increased rates does not constitute a rewriting of the statute. There is no merit to respondents' contention that issues of fact preclude summary determination of these proceedings, which raise purely legal questions as to the availability and adequacy of insurance coverage for young drivers, and the IAS Court's inadvertent reference to the standard applicable to preliminary instead of permanent injunctions resulted in no prejudice. We have considered respondents' other contentions and find them to be without merit. Concur— Murphy, P. J., Rubin, Kupferman, Ross and Tom, JJ. [See, 162 Misc 2d 636.]