■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZELIA SPENCE, Appellant. [648 NYS2d 636] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered March 20, 1995, convicting her of wilful violation of health laws (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a nurse employed at the Cedar Manor Nurs-

ing Home, was convicted of three counts of wilful violation of health laws (Public Health Law § 12-b [2]) in connection with her failure to administer medication to her patients three times during a two-night period during which time her conduct was monitored by her supervisors.

We reject the defendant's claim that the People failed to make the required showing that she wilfully violated Public Health Law § 2803-d (7). The evidence adduced at trial showed that when the defendant had first started work at the nursing home, she had participated in an orientation program that, among other things, discussed appropriate medical care. In addition, the nursing home employed a particular policy with regard to providing patients with their medication. The clear and uncontroverted evidence also showed that she failed on three separate occasions to administer proper medication to her patients.

The Legislature, in using the term "wilfully" in Public Health Law § 12-b, intended a culpable mental state generally equivalent to that required by the term "knowingly" (see, People v Coe, 71 NY2d 852; People v Einaugler, 208 AD2d 946). There is ample support in the record for the court's finding that the People established a knowing violation of the health statute.

Although the defendant was found not guilty of eight of the eleven counts charged against her of wilful violation of health laws, the verdict is not inconsistent. The defendant's aquittal on charges of failure to dispense required medications to certain patients does not preclude a finding of guilt as to her failure to dispense required medications to other patients (see, People v Trappier, 87 NY2d 55, 58; People v Pugh, 36 AD2d 845, affd 29 NY2d 909, cert denied 406 US 921). Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.