*563
 
 OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Directed at ending discrimination by car rental companies against young drivers, General Business Law § 391-g specifies that it is unlawful to refuse to rent motor vehicles to persons 18 or over solely on the basis of age "provided that insurance coverage for persons of such age is available.” Is the New York Automobile Insurance Plan (NYAIP) "available” insurance coverage within the meaning of the statute? We agree with the trial court and Appellate Division that claimed shortcomings in NYAIP’s coverage are of no consequence under General Business Law § 391-g, or can be accommodated in the rental rates, and that the Plan is indeed "available” insurance within the statute.
 

 Appellants are car rental companies doing business in New York State who refuse to rent cars to drivers under the age of 25. Some only refuse to rent cars to drivers younger than 21. To the extent appellants refuse to rent to these young drivers, they potentially run afoul of General Business Law § 391-g ("Rental of motor vehicles; discrimination on the basis of age prohibited”)which states that:
 

 "It shall be unlawful for any person, firm, partnership, association or corporation engaged in the business of renting motor vehicles to refuse to rent such vehicle to any person eighteen years of age or older solely on the basis of age
 
 provided that insurance coverage for persons of such age is available.
 
 Any actual extra cost for insurance related to the age of the person renting such motor vehicle may be passed on to such person.” (General Business Law § 391-g [1] [emphasis added].)
 

 Before 1994, the Attorney-General did not seek to enforce this statute against appellants, because of the requirement
 
 *564
 
 that there be insurance "available” to cover the costs of renting to young drivers. With a higher incidence of accidents and therefore increased liability for this group, commercial carriers did not provide such coverage and therefore it appeared that no insurance was available.
 

 NYAIP is the assigned risk plan approved by the Superintendent of Insurance for the equitable apportionment, among insurers licensed to insure motor vehicles in New York, of applicants who cannot obtain insurance coverage in the voluntary market
 
 (see,
 
 Insurance Law § 5301). Thus, rental companies otherwise unable to obtain insurance could do so through NYAIP. Under NYAIP, the available coverage includes (a) bodily injury liability coverage, up to $250,000 per person or $500,000 per accident; (b) third-party property damage liability coverage, up to $100,000; (c) personal injury protection or no-fault (including additional personal injury protection) up to $125,000 for first-party medical and rehabilitation costs as well as basic economic loss; and (d) uninsured motorist coverage, up to $250,000 per person and $500,000 per accident. Significantly, NYAIP does not provide coverage for physical damage to the vehicles. It also does not provide coverage based on a specific age group, but rather for individual vehicles, provided that those vehicles are registered in New York State.
 

 On the theory that NYAIP was available insurance under General Business Law § 391-g, in 1994 the Attorney-General commenced this suit seeking a declaratory judgment, permanent injunctive relief prohibiting appellants from refusing to rent cars to persons between the ages of 18 and 25 solely on the basis of age, and penalties
 
 (see,
 
 General Business Law § 391-g [2] [permitting penalties of up to $500 for each violation]). Supreme Court granted a summary determination for the People, and the Appellate Division affirmed, certifying to us the question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?” We now answer that question in the affirmative.
 

 Appellants do not dispute that under NYAIP they can purchase insurance to cover their vehicles if they are willing to pay the premiums. Instead, their arguments are addressed to the sizable negative financial impact that use of NYAIP would have on them. They claim that in light of the higher frequency and greater severity of accidents involving young drivers, the Plan’s coverage limitations are too low. They also argue that NYAIP does not provide coverage for physical damage to vehicles, which will almost certainly rise with rentals to
 
 *565
 
 young drivers and would likely constitute the highest monetary loss for such rentals.
 

 Appellants’ arguments are misplaced. The language of General Business Law § 391-g does not evince an intent to protect rental companies from these added costs, beyond allowing the companies to pass the cost of additional insurance on to the young renters. The only condition the statute places on its antidiscrimination provision is that insurance coverage must be
 
 available.
 
 Noticeably absent is a requirement that rental companies be fully insured for the risks of renting to young drivers. Nowhere does the statute require a specified minimum amount of insurance coverage.
 
 [1]
 
 Although appellants would like to expand the meaning of "available” to include special protections for their business risk exposures, their position finds no support in the statute.
 

 Urging that section 391-g is ambiguous, appellants point us to the legislative history, which also fails to support their arguments. The intent of the section was not to protect rental companies who comply with the statute — as appellants contend — but rather to prohibit rental companies from refusing to rent to persons over the age of 18 on the basis of age. As explained by the bill’s chief sponsors, "[i]n many circumstances, companies which rent motor vehicles refuse to rent to individuals between 18 and 21 years of age. This can result in severe hardship to competent drivers who are as safe and reliable as drivers over age 21” (Mem of Senator Joseph Pisani and Assemblyman Richard Gottfried, Bill Jacket, L 1977, ch 136;
 
 see also,
 
 Mem of Assemblyman Gottfried, Bill Jacket, L 1977, ch 136 [urging Governor to sign bill "thus entitling young adults to their full rights as competent citizens of this State”]; Mem of Senator Pisani, 1977 NY Legis Ann, at 113).
 

 True, the statute and legislative history speak of allowing rental companies to pass along the increased cost of insurance
 
 {see,
 
 Mem of Senator Pisani and Assemblyman Gottfried, Bill Jacket, L 1977, ch 136; Report of New York County Lawyers’ Association, Bill Jacket, L 1977, ch 136 ["(t)his bill sufficiently protects the interests of (the rental company) by allowing the increased cost of insurance based on the renter’s age to be passed on to the renter”]). That is hardly indicative of a legisla
 
 *566
 
 tive intent to provide shelter for the rental companies from the kind of economic disadvantage they tender in the argument of this case. A more persuasive reading of this provision is to create a safe harbor for rental companies — that it is not discriminatory to charge young drivers more to offset higher insurance costs.
 

 While appellants correctly point out that NYAIP does not provide insurance for physical damage to vehicles, they erroneously conclude that this lack of coverage prevents the Plan from being considered available insurance. The statute, however, does not require that available insurance include physical damage coverage. Even Vehicle and Traffic Law § 370, which sets the minimum insurance standards for vehicles in New York, does not require such coverage.
 

 Finally, appellants’ contention that passing along the added insurance costs to the young renters would lead to prohibitively high rental costs is unsupported in the record. To the contrary, the record indicates that other rental companies doing business in New York regularly rent to young drivers with only a minimal surcharge.
 
 [2]
 
 Moreover, the statute does not require that appellants use NYAIP — it requires only that insurance be available. The record reveals that seven of the eight appellants presently self-insure their vehicles, four of the seven currently renting to drivers between ages 21 and 25, presumably without NYAIP coverage and maintaining a profit. Appellants’ remaining contentions lack merit.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
 

 Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed, etc.
 

 [1]
 

 . We note that the minimum amount of insurance coverage required for cars in New York is $25,000 per individual and $50,000 per accident bodily injury liability coverage, as well as $10,000 property damage liability coverage (Vehicle and Traffic Law § 370 [1]). NYAIP provides coverage 10 times greater than these statutory mínimums.
 

 [2]
 

 . As noted in the legislative history, rental companies are encouraged to take active steps to deny rentals based on individualized criteria such as a poor driving record
 
 (see,
 
 Mem of Senator Pisani and Assemblyman Gottfried, Bill Jacket, L 1977, ch 136). A resultant drop in accident rates not only would decrease the rental companies’ liability for injuries and damage to their vehicles but also would obviously be generally beneficial.