OPINION OF THE COURT
Stephen G. Crane, J.
In these special proceedings, petitioners prevailed on their claim that respondents violated General Business Law § 391-g, by refusing to rent motor vehicles to persons under the age of 25. Petitioners now seek the imposition of penalties of $500 for each General Business Law § 391-g violation and costs pursuant to CPLR 8303 (a) (6). For the reasons that follow, petitioners’ applications for penalties are denied. The requests for costs are granted. The essential facts underlying these proceedings were discussed in prior decisions. (See, 162 Misc 2d 636, affd 226 AD2d 294, affd 89 NY2d 560.)
*503 General Business Law § 391-g contains two components relevant here: (1) unlawful refusal to rent motor vehicles to drivers under the age of 25, and (2) liability for penalties for such refusal.
The first component provides: "1. It shall be unlawful for any person, firm, partnership, association or corporation engaged in the business of renting motor vehicles to refuse to rent such vehicle to any person eighteen years of age or older solely on the basis of age provided that insurance coverage for persons of such age is available. Any actual extra cost for insurance related to the age of the person renting such motor vehicle may be passed on to such person.” (General Business Law § 391-g [1]; emphasis added.)
As determined by this court, and affirmed by the Appellate Division and the Court of Appeals,[1] by refusing to rent motor vehicles to drivers under the age of 25, respondents discriminated unlawfully because, for statutory purposes, insurance was "available” through the New York Automobile Insurance Plan (NYAIP). An order was entered permanently enjoining respondents from continuing this practice.
This court severed the issue raised by the second component: "2. A knowing violation of this section shall be punishable by a fine not to exceed five hundred dollars.” (General Business Law § 391-g [2].) Petitioners argue that, by severing the issue of the sums to be imposed as penalties, the court has already determined that respondents must pay a fine. This argument is without merit. The September 18, 1995 judgment and order provided: "ordered that the issue of the sums to be imposed as penalties pursuant to GBL § 391-g and costs pursuant to 8303 (a) (6) is severed and a hearing shall be held * * * to determine the amount of those sums”. Petitioners argue that respondents had to move to reargue within the 30-day appeal period and, having failed to do so, respondents may not seek to have the court reverse its prior judgment.
In making this argument, petitioners are impliedly relying upon the doctrine of law of the case. This doctrine provides that once an issue is judicially determined, either directly or by implication, it is not to be reconsidered by courts of coordinate or subordinate jurisdiction in the same litigation. (Martin v City of Cohoes, 37 NY2d 162, rearg denied 37 NY2d 817 [1975]; Holloway v Cha Cha Laundry, 97 AD2d 385 [1st Dept 1983].) *504 Law of the case applies only to legal determinations that were necessarily resolved on the merits in the earlier decision. (Baldasano v Bank of N. Y., 199 AD2d 184 [1st Dept 1993].) Neither this court nor the two appellate courts determined the issue of penalties. None of these courts was required to do so to resolve the then present issue, namely, whether respondents should be enjoined from continuing their rental practice. Thus, the merits of the contentions concerning penalties are still litigable.
Petitioners contend that respondents are liable to pay a fine because (1) they intentionally refused to rent to drivers under the age of 25, (2) they knew that the statute existed, and (3) insurance was available. Respondents first contend that fines cannot be imposed in a special proceeding pursuant to Executive Law § 63 (12). This contention is without merit. (See, People v Apple Health & Sports Clubs, 80 NY2d 803 [1992] [trial court properly ordered respondents to file a $500,000 bond to insure the availability of funds for amounts owed and payment of fines]; People v Two Wheel Corp., 71 NY2d 693 [respondents ordered to pay a $5,000 penalty], rearg denied 72 NY2d 910 [1988].)
Second, respondents assert that they did not "knowingly” violate the statute because their rental practice was based on the good-faith belief that insurance was not "available”. Petitioners meet this by arguing that once it is established that respondents acted with full knowledge of the law, the fact that respondents misconstrued the law does not negate their knowing violation. This argument is in error, and it mischaracterizes respondents’ defense.
Generally, ignorance of the law is not a defense. (United States v Aguilar, 883 F2d 662 [9th Cir 1989], cert denied sub nom. Socorro Pardo v United States, 498 US 1046 [1991].) This principle has no application when the circumstances made material by the definition of the offense include a legal element. (United States v Golitschek, 808 F2d 195 [2d Cir 1986].) Here, a "knowing violation” is a material element of the penalty statute.
The fact that respondents did not rent to persons under the age of 25, and they knew that section 391-g existed, is insufficient, by itself, to make respondents liable for fines. Petitioners must establish that respondents were aware that their conduct was unlawful. (People v Coe, 71 NY2d 852 [1988]; People *505 v Spence, 232 AD2d 434 [2d Dept 1996].)[2] The use of the word "knowingly” indicates the requirement of "some mental state.” (Liparota v United States, 471 US 419, 424 [1985].) As in all other situations requiring mens rea, however, petitioners may prove, by reference to facts and circumstances surrounding the case, that respondents knew that their conduct was unlawful. (Liparota v United States, supra, 471 US, at 434.) Moreover, petitioners need not prove that respondents acted with an " 'evil motive, bad purpose or corrupt design’ ”. (People v Coe, supra, 71 NY2d, at 855.)
Petitioners’ reliance upon United States v Aguilar (supra) and American Timber & Trading Co. v First Natl. Bank (511 F2d 980 [9th Cir 1973], cert denied 421 US 921 [1975]) is misplaced. Respondents’ defense is not that they misconstrued the law. Rather, it is that they were unaware that, for statutory purposes, insurance was "available” and, therefore, they did not know that their conduct was unlawful. United States v Aguilar (supra) recognized a defense that refuted the mens rea element of the crime of a knowing transportation of an illegal alien. (8 USC § 1324 [a].) What Aguilar rejected was a "mistake of law” defense based on an erroneous interpretation of the statute. In the cases at bar, we confront no dispute over the statutory interpretation of General Business Law § 391-g. Rather, the defense goes to the knowledge of available insurance just as Aguilar recognized a defense of lack of knowledge that the aliens were unlawful. (883 F2d, at 672.) This is a mistake of fact, not of law. (See, United States v Fierros, 692 F2d 1291, 1294 [9th Cir 1982], citing United States v Petersen, 513 F2d 1133 [9th Cir 1975].)
Thus, to prevail petitioners must establish that respondents knew that their refusal to rent to persons under age 25 was unlawful because they knew insurance was available. This does not present petitioners with an unreasonable burden because respondents’ conduct is judged by an objective standard. The test is whether they "knew or should have known”. (Matter of Otis E. Serv. v Hudacs, 185 AD2d 483, 485 [3d Dept 1992].) The record supports respondents’ contention that their policy of not renting vehicles to persons under the age of 25 was based upon a good-faith belief that it was lawful because insurance was unavailable.
*506 Although respondents did not prevail in these proceedings, their belief — that insurance was not available — was not unfounded. In affirming this court’s decision, the Appellate Division granted leave to appeal to the Court of Appeals, certifying that the correctness of its decision deserved review. In addition, the Court of Appeals found that "it appeared that no insurance was available” stating: "Before 1994, the Attorney-General did not seek to enforce this statute against appellants, because of the requirement that there be insurance 'available’ to cover the costs of renting to young drivers. With a higher incidence of accidents and therefore increased liability for this group, commercial carriers did not provide such coverage and therefore it appeared that no insurance was available.” (89 NY2d, supra, at 563-564.)
That determination was based on the finding that commercial carriers did not provide coverage and that coverage was only available through the NYAIP, the assigned risk plan approved by the Superintendent of Insurance to insure motor vehicles in New York for applicants who cannot obtain insurance in the voluntary market.
Moreover, in construing General Business Law § 391-g, reference to legislative intent was required. As pointed out by this court, "[t]he legislative intent of General Business Law § 391-g is of the foremost importance.” (People v Alamo Rent A Car, 162 Misc 2d 636, 639.) The Appellate Division stated that the "overriding purpose of section 391-g is to prevent discrimination against young drivers, not to protect rental companies from the increased risk associated with renting to this market”. (People v Alamo Rent A Car, supra, 226 AD2d, at 295.) The Court of Appeals based its conclusions in part on legislative memoranda in support of the bill. Furthermore, respondents were found to have violated the statute even though the insurance that was available did not cover physical damage to the vehicle. Thus, the finding that respondents violated the statute was not based simply upon a reading of the plain language of the statute.
Furthermore, the record supports respondents’ contention that various governmental agencies, either expressly or impliedly, agreed with their statutory interpretation. Petitioners argue that respondents never sought an opinion from any State agency nor commenced a declaratory action to test the validity of their rental policies. The record does not indicate, however, that the Attorney-General’s office, or any other enforcement entity, ever warned respondents to discontinue *507 their rental policies. Therefore, respondents’ alleged failure to test their rental policies was not unreasonable.
To the contrary, respondents’ repose was reinforced. For example, according to respondent Hertz Corporation, since 1983 it had conversations with the Attorney-General’s office regarding its policy, and the Attorney-General took no action, apparently satisfied that there was no violation. In addition, New York State itself entered into contracts with Hertz containing the very same age restrictions at issue in this proceeding.[3] Moreover, in 1990, the New York City Department of Consumer Affairs commenced a formal investigation as to Hertz’s compliance with General Business Law § 391-g. Two years later, Hertz entered into an "Assurance of Discontinuance” with the City, in which Hertz agreed to rent to drivers under age 25, provided insurance "at any time becomes available to Hertz from responsible carriers on a practical and reasonably business-like basis.”
For another example, according to respondent Enterprise Rent A Car, Inc., in 1990, the Attorney-General’s office contacted it regarding the same policy that was challenged in this proceeding. An understanding was reached that, in the absence of a practical and economically viable solution through the voluntary insurance market, the Attorney-General’s office would not consider Enterprise in violation of General Business Law § 391-g.
Thus, respondents’ rental practices were open to public scrutiny and examined by various governmental entities over an extended period of time. Hence, the record does not establish that respondents continued their rental policies while "knowing” that such policies were unlawful. (Matter of Sewer Envtl. Contrs. v Goldin, 98 AD2d 606, 607 [1st Dept 1983].)
These proceedings resulted in judgments being entered and, pursuant to CPLR 8303 (a) (6), petitioners are awarded costs in the sum of $2,000 against each respondent in addition to their statutory costs and disbursements.
Accordingly, it is ordered that petitioners’ application for a hearing to determine fines pursuant to section 391-g (2) of the General Business Law is denied; and it is further ordered that petitioners’ application for an award of costs is granted and *508 petitioners shall recover from each respondent costs in the sum of $2,000, for the total amount of $16,000 and that petitioners have execution therefor.

. 162 Misc 2d 636, affd 226 AD2d 294, rearg denied 229 AD2d 394, affd 89 NY2d 560.

. These cases, construing statutes using the word "willfully”, are relevant. (See, e.g., People v Coe, 71 NY2d 852, 855 ["the Legislature, in using the term 'willfully’ in Public Health Law § 12-b, intended a culpable mental state generally equivalent to that required by the term 'knowingly’ ”]; see also, People v Spence, supra.)

. No State employees under age 21 were permitted to rent Hertz vehicles, and no State employees under age 25 were permitted to rent them within the City of New York.