■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. BRADSHAW, Appellant. [693 NYS2d 725] —Graffeo, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 12, 1998, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for two counts of criminal sale of a controlled substance in the third degree stemming from two separate incidents which occurred on October 10, 1997 and October 15, 1997. Following a jury trial, defendant was found guilty as charged in connection with the October 15, 1997 sale but was acquitted of the count pertaining to the October 10, 1997 incident. He was thereafter sentenced as a second felony offender to an indeterminate term of imprisonment of 7½ to 15 years.

Defendant appeals, primarily contending that his conviction was against the weight of the evidence. We disagree. At trial, a confidential informant testified that he purchased $100 worth of crack cocaine from defendant on October 15, 1997. Immediately after the sale, which took place in a residence located in Chemung County, the informant turned the substance over to an investigator with the Chemung County Drug Enforcement Unit. The informant indicated that he was in the apartment for approximately five minutes and was able to make a positive identification of defendant. Approximately two

hours after this transaction, a search warrant was obtained for the apartment where the sale had allegedly taken place. After execution of the warrant, defendant was arrested wearing the clothing which matched the description provided by the informant and the prerecorded "buy money" was recovered from the bedroom, the room identified by the informant as the location defendant came from with the drugs. Accordingly, there was ample evidence to support a guilty verdict in connection with the October 15, 1997 sale (*see, People v Allen*, 191 AD2d 752, *lv denied* 81 NY2d 1010; *People v Cobian*, 185 AD2d 452, *lv denied* 81 NY2d 838).

Defendant's suggestion that the verdict was inconsistent because he was found guilty of the second count and not guilty on the first is unavailing. Although the two incidents involved the same buyer and seller, the transactions occurred five days apart and were clearly separate events. During the first sale, the informant testified that he was in the apartment for only a couple of minutes and he could not remember many details about defendant's physical appearance. In contrast, the informant remained in the apartment for a longer period of time during the second transaction and was able to provide a description of defendant to the police. Furthermore, defendant presented alibi witnesses in connection with the October 10, 1997 transaction but not for the October 15, 1997 charge. Because the circumstances surrounding the incidents were distinguishable, the jury could reasonably conclude that the prosecution proved beyond a reasonable doubt that defendant was guilty of the second sale but not the first sale (*see, e.g., People v Spence*, 232 AD2d 434, 435).

Next, we reject defendant's contention that prosecutorial misconduct caused an unfair trial. Pursuant to County Court's *Sandoval* ruling, the People were precluded from inquiring into defendant's alleged possession of marihuana at the time of his arrest. Although the prosecution elicited testimony from an investigator that he discovered a green, leafy substance in defendant's possession when he was searched, County Court immediately sustained defendant's objection and provided a curative instruction to the jury. Because the court promptly advised the jury to disregard the question and answer, defendant did not sustain prejudice warranting reversal under these circumstances (*see, People v Ashford*, 190 AD2d 886, *lv denied* 81 NY2d 1069; *People v Berard*, 112 AD2d 470).

Peters, J. P., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.