■ NATIONAL CAR RENTAL SYSTEM, INC., Appellant, v PHILADELPHIA INDEMNITY INSURANCE COMPANY, Respondent. [750 NYS2d 61] —Order, Supreme Court, New York County (Edward Lehner, J.), entered June 26, 2001, which granted defendant insurer's motion for summary judgment declaring that it is not obligated to indemnify plaintiff car rental company for the unreimbursed amount plaintiff paid to settle an underlying personal injury action arising out of an accident involving one of its cars, unanimously affirmed, without costs.

Plaintiff's rental agreement authorized operation of the rented car by members of the renter's immediate family provided they permanently lived with her and were at least 25 years old. The rented car was involved in an accident while being operated, with the renter's permission, by the renter's 19-

year-old daughter. A passenger in the rented car sued the renter's daughter and plaintiff, and plaintiff now seeks to recover from defendant the unreimbursed amount it paid to settle that action. Defendant had issued to the renter "Rental Supplemental Excess Liability Coverage" that excluded liability arising out of the use of the rented car in violation of the conditions of the rental agreement. Plaintiff argues that the exclusion is unenforceable as against public policy insofar as it applies to persons between 18 and 25 since, under General Business Law § 391-g (1), the prohibition in its rental agreement against operation of the rented car by persons between 18 and 25 was itself against public policy. The flaw in this argument is that the prohibition in plaintiff's rental agreement against operation of the rented car by drivers under 25 was not violative of section 391-g (1), which merely prohibits car rental companies from refusing to rent to persons 18 or over if insurance is available (*see People v Alamo Rent A Car*, 89 NY2d 560, 565). Nothing in the statute prohibits car rental companies from restricting the use of a rented vehicle by persons other than the renter, or prohibits insurers that write supplemental renter insurance from excluding from coverage persons who operate the rented vehicle in violation of any such restrictions, even if that means restricting coverage to persons above a certain age. For that matter, nothing in the statute prohibits insurers from excluding young drivers even if the rental agreement does not restrict their use of the rented vehicle (*cf. id.* at 564). We note that plaintiff was not an additional insured on the renter's policy with defendant. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.