■ LANCER INSURANCE COMPANY, Respondent-Appellant, v PHILADELPHIA INDEMNITY INSURANCE COMPANY, Appellant-Respondent. [786 NYS2d 191]—

In an action for a judgment declaring the rights and obligations of the parties pursuant to a certain policy of insurance, (1) the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered February 6, 2003, as denied its cross motion for summary judgment and the plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment, and (2) the defendant appeals, as limited by its brief, from so much of an order of the same court entered August 22, 2003, as denied its motion for leave to reargue its prior cross motion.

Ordered that appeal from the order entered August 22, 2003, is dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered February 6, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered February 6, 2003, is reversed insofar as cross-appealed from, on the law, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the defendant is obligated to reimburse the plaintiff for all damages it is required to pay as a result of the liability of NYRAC, Inc., doing business as Budget Rent-A-Car, in an underlying action entitled *Szucs v NYRAC, Inc.,* commenced in the Supreme Court, New York County, under Index No. 108160/00, to the extent that Ann Zarzycki, the defendant's insured, must indemnify NYRAC, Inc., doing business as Budget Rent-A-Car, up to the limits available under her policy with the defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's insured, NYRAC, Inc., doing business as Budget Rent-A-Car (hereinafter Budget), rented a car to Ann Zarzycki, who purchased supplemental insurance coverage from the defendant. Pursuant to the terms of the rental agreement, Zarzycki was obligated to indemnify Budget for all claims excluded from or in excess of insurance protection provided by Budget. Pursuant to the terms of the supplemental insurance policy, the defendant was obligated to indemnify Zarzycki for a loss in excess of the underlying minimum insurance provided by Budget.

On December 27, 1999, the rental vehicle was being driven by

an unauthorized driver when it was involved in an accident with another car and struck a pedestrian, Joseph Szucs, who was seriously injured. Szucs commenced an action against, among others, Zarzycki, the driver of the rental vehicle, and Budget, as owner of the rental vehicle, to recover damages for personal injuries. The plaintiff, as subrogee of Budget, then commenced this action for a judgment declaring that the defendant must reimburse it "for all damages, whether obtained by judgment, settlement or otherwise, which may be entered against Budget in the Szucs action, to the extent Zarzycki must indemnify Budget for such damages" up to the policy limits.

The plaintiff moved for summary judgment in its favor and the defendant cross-moved for summary judgment in its favor. The Supreme Court denied the motion and the cross motion, on the ground that there was an issue of fact as to whether Zarzycki was "using" the vehicle at the time the accident occurred pursuant to the broad definition of "use" set forth in *Hertz Corp. v Government Empls. Ins. Co.* (250 AD2d 181 [1998]). The plaintiff's motion for summary judgment should have been granted.

The indemnification clause in the rental agreement makes no reference to "use" or who was using the vehicle at the time the accident occurred. Therefore, Zarzycki had a contractual duty to indemnify Budget whether or not she was using the vehicle at the time the accident occurred (*cf. Hertz Corp. v Government Empls. Ins. Co., supra*).

The defendant's insurance policy covers a "[l]oss" defined as "legal liability arising out of an accident." The term "use" is not employed to define coverage. A claim for contractual indemnification against a party for damages incurred in an accident arises from the accident (*see Hertz Corp. v Government Empls. Ins. Co., supra* at 186). Accordingly, the instant policy provides coverage to Zarzycki for her contractual obligation to indemnify Budget for damages incurred in the accident in excess of the minimum insurance provided by Budget.

The subject policy contained exclusions for liability "arising out of the use of a 'Rental vehicle' in violation of the conditions of the 'Rental Agreement' " and for liability "arising out of operation of the 'Rental Vehicle' by any driver who is not an 'insured' " which are applicable to this case (*see National Car Rental Sys. v Philadelphia Indem. Ins. Co.*, 299 AD2d 272 [2002]). However, the defendant failed to disclaim based upon these exclusions.

Insurance Law § 3420 (d) imposes a duty upon an insurer to timely disclaim liability for bodily injury arising out of a motor

vehicle accident (*see State of New York v General Star Indem. Co.,* 299 AD2d 537 [2002]). A disclaimer pursuant to Insurance Law § 3420 (d) for liability for bodily injury must clearly apprise the insured of the ground on which the disclaimer is based so the claimant can properly assess whether the carrier will be able to disclaim successfully (*see General Acc. Ins. Group v Cirucci,* 46 NY2d 862 [1979]).

The defendant's initial disclaimer letter dated February 24, 2000, addressed to the driver of the vehicle with a copy sent to Zarzycki, stated that "*no* Supplemental Liability Insurance Coverage is available to you as a result of this accident, as you are considered an unauthorized driver and not insured." Such reasoning did not apply to Zarzycki who was an insured under the policy.

Further instead of quoting the applicable exclusions in the policy, the defendant quoted exclusions from the wrong policy form. In its affirmation in support of its cross motion for summary judgment, the defendant admitted that "language from a different policy form was quoted."

The language quoted from the wrong policy form included an exclusion for "use" by "any driver other than the 'renter or an 'authorized driver.' '" Pursuant to that language, it was relevant whether the person who was using the vehicle at the time of the accident was an authorized driver or someone other than an authorized driver.

The actual policy issued to Zarzycki, on the other hand, contains an exclusion for "the use," presumably by anyone, of the vehicle in violation of the rental agreement or for the "operation" of the vehicle by a driver who is not an insured. Whether Zarzycki was using the rental vehicle at the time the accident occurred was not relevant.

In the instant case, the repeated quotation of the wrong policy form resulted in confusion. Both parties and the court centered their inquiries around who was using the vehicle at the time the accident occurred. Accordingly, the defendant failed to comply with Insurance Law § 3420 (d).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Krausman, J.P., Goldstein, Luciano and Fisher, JJ., concur.