■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v RICHARD COTE et al., Appellants, et al., Respondents. [606 NYS2d 721] —In a proceeding pursuant to CPLR article 75 to stay arbitration, the

appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated June 13, 1991, which granted the petitioner's application for a permanent stay of arbitration.

Ordered that the judgment is reversed, on the law, with costs, the petition is dismissed, and the parties are directed to proceed to arbitration.

It is well settled that an insurance carrier may not disclaim liability if it fails to give the injured party timely notice of the disclaimer "as soon as is reasonably possible" after it first learns of the accident or grounds for disclaimer of liability or denial of coverage (Insurance Law § 3420 [d]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029). This rule is applicable even if the insured, in the first instance, failed to provide the carrier with timely notice of the claim *(see, Kramer v Interboro Mut. Indem. Ins. Co.*, 176 AD2d 308; *New York Cent. Mut. Fire Ins. Co. v Markowitz*, 147 AD2d 461). It was therefore the petitioner's burden to explain the delay in notifying the appellants of its disclaimer *(see, Hartford Ins. Co. v County of Nassau, supra)*, and the determination of the reasonableness of any such delay must be adjudged from the time the insurer is aware of sufficient facts to disclaim *(see, Matter of Allcity Ins. Co [Jimenez]*, 78 NY2d 1054, 1056; *Farmers Fire Ins. Co. v Brighton*, 142 AD2d 547). Here, the petitioner was fully aware of the facts underlying its disclaimer in May 1989 when it received a letter apprising it of the appellants' uninsured motorist claim *(see, Matter of Allcity Ins. Co. [Jimenez], supra)*. Even were we to consider the commencement of this proceeding in December 1989 a sufficient written notice of disclaimer, under the circumstances herein, the petitioner's unexplained delay of approximately seven months is unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau, supra; New York Cent. Mut. Fire Ins. Co. v Markowitz, supra; Farmers Fire Ins. Co. v Brighton, supra)*.

Accordingly, since the petitioner is precluded from disclaiming liability and it has already been determined that the offending motor vehicle was uninsured, the petition is dismissed and the parties are hereby directed to arbitrate the appellants' claim. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.