■ In the Matter of INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, Respondent, v WENDY RIVAS, an Infant, by MARTHA RIVAS, Her Mother and Natural Guardian, Appellant, et al., Respondents. [613 NYS2d 191] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the appeal is from an order of the Supreme Court, Nassau County (McCarty, J.), dated July 1, 1992, which granted the petitioner's application for a permanent stay of arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is dismissed, and the parties are directed to proceed to arbitration.

It is well settled that an insurance company may not disclaim coverage if it fails to give the injured party timely notice of the disclaimer "as soon as is reasonably possible" after it first learns of the accident or grounds for disclaimer of liability or denial of coverage *(see,* Insurance Law § 3420 [d]; *Zappone v Home Ins. Co.,* 55 NY2d 131; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029). This rule applies even if the insured or the injured party has in the first instance failed to provide the carrier with timely notice of the accident or claim *(see, Matter of State Farm Mut. Auto. Ins. Co. v Cote,* 200 AD2d 622; *Allstate Ins. Co. v Centennial Ins. Co.,* 187 AD2d 690; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308).

At bar, even if the injured party's claim letter dated November 21, 1991, was untimely, the insurer was required to

disclaim coverage as soon as reasonably possible, and to provide the injured party with a notice of disclaimer specifying the ground on which the disclaimer was predicated *(see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Allstate Ins. Co. v Centennial Ins. Co., supra).* Even if we were to consider the commencement of this proceeding in April 1992 a sufficient notice of disclaimer *(see, Matter of State Farm Mut. Auto. Ins. Co. v Cote,* 200 AD2d 622, *supra),* the insurer's five-month delay in disclaiming coverage on the ground of untimely notice was unreasonable as a matter of law. This ground was readily apparent when the insurer first received notice of the claim, and it has failed to explain the delay *(see, Hartford Ins. Co. v County of Nassau, supra; Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419; *Allstate Ins. Co. v Centennial Ins. Co., supra; Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308, *supra).* O'Brien, J. P., Santucci, Altman and Krausman, JJ., concur.