SECOND DEPARTMENT, JANUARY, 1997

(January 13, 1997)

■ AETNA LIFE & CASUALTY COMPANY, Appellant, v 57TH STREET MANAGEMENT CORP. et al., Respondents, et al., Defendants. [652 NYS2d 73] —In an action for a judgment declaring that the plaintiff insurance carrier has no obligation to defend and indemnify the respondents, 57th Street Management Corp. and Irene Leasing Co., in a personal injury action entitled *Madison v New York City Tr. Auth.* (Queens County, Index No. 14858/92), the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lane, J.), entered February 5, 1996, which granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them, denied its cross motion for summary judgment, and declared that it was obligated to defend and indemnify the respondents in the underlying pending personal injury action.

Ordered that the judgment is modified, on the law, by deleting therefrom the provision dismissing the complaint; as so modified, the judgment is affirmed, with costs to the respondents.

It is well settled that an insurance carrier may not disclaim liability if it fails to give notice of its disclaimer "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability" (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *see,* Insurance Law § 3420 [d]; *Matter of Allstate Ins. Co. v Souffrant,* 221 AD2d 434; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507). The plaintiff insurance carrier Aetna Life & Casualty Company (hereinafter Aetna) never provided its insureds, the respondents 57th Street Management Corp. and Irene Leasing Co., with a notice of disclaimer specifying the ground on which the disclaimer was predicated. Even if we were to consider the commencement of this action to be a sufficient notice of disclaimer (*see, Matter of Interboro Mut. Indem. Ins. Co. v Rivas,* 205 AD2d 536; *Matter of State Farm Mut. Auto. Ins. Co. v Cote,* 200 AD2d 622), Aetna's extreme delay in disclaiming was unreasonable as a matter of law, as the action was not brought

for more than two years after the commencement of the underlying personal injury action and nearly 15 months after its letter of reservation (*see, Allstate Ins. Co. v Gross,* 27 NY2d 263). Further, contrary to Aetna's contention, denial of coverage was required here (*see, Zappone v Home Ins. Co.,* 55 NY2d 131). Accordingly, the court properly declared that Aetna is required to defend and indemnify the respondents, although the complaint should not have been dismissed (*see, Lanza v Wagner,* 11 NY2d 317, 340, *cert denied* 371 US 901).

In light of this determination, we need not address Aetna's remaining contention. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.