■ WALTER MURPHY, Appellant, v HANOVER INSURANCE CO. et al., Respondents. [657 NYS2d 740] —In an action to recover damages for the breach of an insurance contract and for a judgment declaring, inter alia, that the plaintiff's claim was covered under the insurance policies issued by the defendants, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 23, 1996, as, in effect, denied the plaintiff's application to declare untimely the disclaimer made by the defendant Hanover Insurance Co., and (2) stated portions of an order and judgment (one paper) of the same court, entered April 26, 1996, which, inter alia, granted the defendants' cross motion for summary judgment dismissing the complaint, declared that the disclaimer made by the defendant Hanover Insurance Co. was timely, and otherwise dismissed the complaint.

Ordered that the appeal from the order entered February 23, 1996, is dismissed, as that order was superseded by the order and judgment entered April 26, 1996, and because the right of direct appeal therefrom terminated with the entry of judg-

ment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see, CPLR 5501 [a] [1]); and it is further,

Ordered that the order and judgment entered April 26, 1996, is reversed insofar as appealed from, the defendants' cross motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order entered February 23, 1996, is modified accordingly; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant was injured in a fire which occurred on July 12, 1993, on certain premises covered by a homeowner's insurance policy issued by the defendant Massachusetts Bay Insurance Company and by a personal catastrophe liability policy issued by the defendant Hanover Insurance Co. As of September 23, 1993, the date of an interview given to an insurance representative by one of the insured homeowners, Andrew Dunlea, the defendants knew that the appellant was a relative of both of the named insured individuals, and that he was residing in the insured premises as "a family member". From the content of this interview, it would have appeared that the outbreak of the fire was the appellant's own fault. No theory upon which the homeowners might be held responsible for the fire would have been apparent based on this information. Nonetheless, by virtue of a letter dated November 23, 1993, the defendants were advised that the appellant intended to sue the insured homeowners. By letter dated December 22, 1993, both defendants disclaimed on the basis of similar provisions excluding coverage for liability based on bodily injuries suffered by resident relatives.

In cases governed by Insurance Law § 3420 (d), the question whether a disclaimer has been issued with reasonable promptness is, in all but extreme cases, a question of fact (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Allstate Ins. Co. v Gross, 27 NY2d 263). In the case of a completely unexplained delay of two months, measured from the time when the insurer had knowledge of the accident, knowledge of the related legal claim, and knowledge of the basis for disclaimer, the Court of Appeals held that the delay was unreasonable as a matter of law (Hartford Ins. Co. v County of Nassau, supra; see also, Matter of Firemen's Fund Ins. Co. v Hopkins, 88 NY2d 836, affg 209 AD2d 518; Matter of Allstate Ins. Co. v Souffrant, 221 AD2d 434; Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507 [41 days' delay unreasonable as a matter of law]). This rule does not govern in this case, where the liability insurers were

timely informed of an occurrence, but were not informed until months later that such an occurrence would be the basis for a legal claim (*but cf., Interboro Mut. Indem. Ins. Co. v Gatterdum,* 163 AD2d 788; *Progressive Cas. Ins. Co. v Conklin,* 123 AD2d 6).

In the present case, the delay in disclaiming was less than one month from when, despite the absence of any immediately apparent basis for imposing tort liability, a legal action against the insured homeowners was first threatened in a letter written by the appellant's attorneys. We also note that the written disclaimer issued in December 1993 was preceded by Dunlea having been advised, by an insurance agency employee, in September or early October 1993, that he probably was not covered. Under the special circumstances of this case, the delay in disclaiming was not unreasonable as a matter of law. However, we also find that the delay can, by the same token, not be considered reasonable as a matter of law. We therefore conclude that there is an issue of fact in this respect (*see, e.g., Wilczak v Ruda & Capozzi,* 203 AD2d 944; *Massachusetts Bay Ins. Co. v Pendleton,* 159 AD2d 770).

With respect to the appellant's remaining arguments, we note that the defendants were not afforded a fair opportunity to address the issues raised in connection with the applicability of Insurance Law § 3425 (d) (1), (3), since those issues were raised for the first time in a reply affirmation. We also note that the appellant's initial motion was for sanctions, pursuant to CPLR 3126, and not for total or partial summary judgment (*see,* CPLR 3212). In any event, on the merits, none of the arguments advanced by the appellant warrant granting summary relief in his favor, assuming such relief could be granted upon a search of the record (*see,* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.,* 89 NY2d 425). Bracken, J. P., Miller, Sullivan and McGinity, JJ., concur.