■ Prudential Property & Casualty Insurance, Respondent, v Ricky Persaud, Defendant, and Lisa Brown, Appellant. [682 NYS2d 412] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Ricky Persaud with respect to a personal injury action entitled *Brown v Persaud* pending in the Supreme Court, Queens County, the defendant Lisa Brown appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), entered October 14, 1997, which granted the plaintiff's motion for summary judgment and denied her cross motion for summary judgment, and (2) a judgment of the same court, dated November 6, 1997, which declared that the plaintiff is not required to defend or indemnify the defendant Ricky Persaud in the underlying personal injury action. The notice of appeal from the order entered October 14, 1997, is deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment is denied, that branch of the defendant Lisa Brown's cross motion which was for summary judgment declaring that the plaintiff is obligated to defend the defendant Ricky Persaud in the underlying personal injury action is granted, the order entered October 14, 1997, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment on the plaintiff's duty to defend; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The defendant Lisa Brown was injured on September 28, 1993, when she was shot by the defendant Ricky Persaud in his home. At the time, a homeowners policy issued by the plaintiff to Persaud was in effect. The plaintiff was first notified of the incident over six months later, on April 6, 1994, by a health care provider who called the plaintiff on Brown's behalf. The plaintiff's own records acknowledge receipt of the notice, which included all of the information that was required by the policy to be provided in a written notice. The plaintiff assigned a claim number to the matter and began an investigation.

On or about May 5, 1994, the plaintiff disclaimed coverage based on Persaud's failure to give timely notice of the claim, without mention of the lack of written notice. A duplicate copy was sent to Brown. On June 14, 1994, the plaintiff disclaimed coverage as to Brown based on her failure to give timely notice.

Brown subsequently commenced a negligence action against Persaud, alleging that she was injured when he accidentally discharged a pistol. The plaintiff then commenced this action seeking a declaration that it was not required to defend or indemnify Persaud in connection with the underlying action because it had not received prompt notice of the incident and because the policy excluded coverage for intentional conduct. The plaintiff moved for summary judgment based only on the ground of untimely notice and Brown cross-moved for summary judgment, contending, *inter alia*, that the plaintiff's disclaimer was itself untimely. The Supreme Court granted the motion and denied the cross motion.

Under the particular facts of this case, we conclude that the plaintiff waived the policy's written notice requirement and

that the oral notification of the claim constituted sufficient notice (*see, Bazar v Great Am. Indem. Co.,* 306 NY 481; *Weatherwax v Royal Indem. Co.,* 250 NY 281). We also find, however, that Brown's delay of over six months in providing notice was unreasonable as a matter of law (*see, Herold v East Coast Scaffolding,* 208 AD2d 592; *Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721). The issue, then, is whether the plaintiff timely disclaimed coverage.

An insurance carrier must "promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864; *see, Ward v Corbally, Gartland & Rappleyea,* 207 AD2d 342, 343; *United States Liab. Ins. Co. v Young,* 186 AD2d 644, 645). Further, an insurance carrier must give timely notice of the disclaimer "as soon as is reasonably possible" after it first learns of the accident or grounds for disclaimer of liability or denial of coverage (Insurance Law § 3420 [d]; *see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Matter of Interboro Mut. Indem. Ins. Co. v Rivas,* 205 AD2d 536; *Matter of State Farm Mut. Auto. Ins. Co. v Cote,* 200 AD2d 622). This rule applies even if the insured or the injured party has in the first instance, as here, failed to provide the insurance carrier with timely notice of the accident or claim (*see, Matter of Interboro Mut. Indem. Ins. Co. v Rivas, supra; Matter of State Farm Mut. Auto. Ins. Co. v Cote, supra; Allstate Ins. Co. v Centennial Ins. Co.,* 187 AD2d 690; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308). It is the insurance carrier's burden to explain the delay in notifying the insured or injured party of its disclaimer (*see, Hartford Ins. Co. v County of Nassau, supra*) and the reasonableness of any such delay must be determined from the time the insurance carrier was aware of sufficient facts to disclaim coverage (*see, Ward v Corbally, Gartland & Rappleyea, supra; Farmers Fire Ins. Co. v Brighton,* 142 AD2d 547).

The plaintiff's May 5, 1994, disclaimer, based only on Persaud's failure to provide timely notice of the incident, was not effective against Brown (*see, General Acc. Ins. Group v Cirucci, supra,* at 863-864; *United States Liab. Ins. Co. v Young, supra,* at 645). The plaintiff first disclaimed coverage based on Brown's failure to provide timely notice in its June 14, 1994, disclaimer. The plaintiff, however, was fully aware of the facts underlying its disclaimer on April 6, 1994, when it received notice of the claim from Brown. Its unexplained delay of over two months in disclaiming coverage as to Brown based on her untimely notice was unreasonable as a matter of law (*see, Hartford Ins. Co. v*

*County of Nassau, supra,* at 1029-1030; *Ward v Corbally, Gartland & Rappleyea, supra,* at 344; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507; *Kramer v Interboro Mut. Indem. Ins. Co., supra,* at 308). Consequently, the Supreme Court erred in concluding that the plaintiff was not obligated to defend Persaud.

However, although Brown established her entitlement to summary judgment on the issue of whether the plaintiff was required to provide a defense to Persaud, she did not demonstrate her entitlement to summary judgment on the issue of indemnification. In the second cause of action in its complaint, the plaintiff alleges that there is no coverage for the incident because Persaud's homeowners policy contains an exclusion for intentional conduct. A separate disclaimer had been sent by the plaintiff with respect to this policy exclusion. Brown's complaint in her personal injury action alleges that the shooting was accidental. Since the allegations of the complaint fall within the policy coverage, the plaintiff must provide a defense (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). But Brown did not establish, as a matter of law, that the plaintiff must indemnify Persaud. In her cross motion for summary judgment, Brown did not address the issue of the exclusion or the disclaimer based on that exclusion, nor did she present any evidence that Persaud's conduct was, in fact, accidental. Consequently, Brown failed to satisfy her burden of coming forward with evidence demonstrating her entitlement to summary judgment on the issue of whether the plaintiff is obligated to indemnify Persaud. Miller, J. P., Ritter, Copertino and Altman, JJ., concur.