■ MOUNT VERNON HOUSING AUTHORITY, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [699 NYS2d 905] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Grier v City of Mount Vernon,* pending in the Supreme Court, Westchester County, under Index No. 2152/94, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Scancarelli, J.), entered May 13, 1999, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

An insurance carrier must give timely notice of a disclaimer

"as soon as is reasonably possible" after it first learns of the accident or grounds for disclaimer of liability (*see,* Insurance Law § 3420 [d]). It is the insurance carrier's burden to explain the delay in notifying the insured or injured party of its disclaimer, and the reasonableness of any such delay must be determined from the time the insurance carrier was aware of sufficient facts to disclaim coverage (*see, Prudential Prop. & Cas. Ins. v Persaud,* 256 AD2d 502). Furthermore, the issue of whether a disclaimer was unreasonably delayed is generally a question of fact (*see, Crowningshield v Nationwide Mut. Ins. Co.,* 255 AD2d 813, 815; *State Farm Mut. Auto. Ins. Co. v Clift,* 249 AD2d 800; *Murphy v Hanover Ins. Co.,* 239 AD2d 323, 324). We agree with the Supreme Court that there is a question of fact as to whether the defendant's disclaimer was unreasonably delayed (*see, Crowningshield v Nationwide Mut. Ins. Co., supra*). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.