■ In the Matter of TRANSPORTATION INSURANCE COMPANIES, Respondent, v MICHAEL SELLITTO, Appellant. [700 NYS2d 492] —In a proceeding pursuant to CPLR article 75 to permanently stay the arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Suffolk County (Berler, J.), entered December 9, 1998, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the parties are directed to proceed to arbitration.

In granting the petition to permanently stay the arbitration of the appellant's underinsured motorist claim, the Supreme Court relied upon a policy exclusion which, as conceded by the petitioner, was inapplicable pursuant to an amendment to the policy. Nonetheless, the "business pursuits" exclusion is applicable since the appellant, a police officer, was injured by an underinsured motorist while investigating another motor vehicle accident. However, the petitioner failed to timely disclaim coverage under that exclusion.

An insurer is required to give written notice of any disclaimer of liability or denial of coverage "as soon as is reasonably possible" after it first learns of the accident or grounds for disclaimer of liability (Insurance Law § 3420 [d]; *see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Prudential Prop. & Cas. Ins. v Persaud*, 256 AD2d 502; *Matter of Nationwide Ins. Co. v Freehill*, 224 AD2d 532). Here, the record shows that

the appellant served the petitioner with a notice of intention to make a claim in July 1991, just two weeks after the accident. He provided the petitioner with a copy of the pleadings in the action against the underinsured motorist in 1993. The notice and the pleadings adequately apprised the insurer of the circumstances of the accident, including the fact that the appellant was acting within the scope of his employment as a police officer when he was injured. Nonetheless, the insurer did not disclaim under the "business pursuits" exclusion or any other exclusion until it filed the instant petition in April 1998. This delay in disclaiming is unreasonable as a matter of law, and precludes the petitioner from disclaiming coverage based on that exclusion (*see, Jefferson Ins. Co. v Travelers Indem. Co.,* 92 NY2d 363; *Prudential Prop. & Cas. Ins. v Persaud, supra*).

Contrary to the petitioner's contention, it was not relieved of its duty to disclaim. The "business pursuits" provision constitutes an exclusion rather than a limitation of coverage (*cf., Matter of Prudential Prop. & Cas. Ins. Co. v Hobson,* 67 NY2d 19; *Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of Worcester Ins. Co. v Bettenhauser,* 260 AD2d 488) and the appellant is not barred from recovering underinsured motorist benefits by the so-called firefighter's rule (*see,* General Municipal Law § 205-e; General Obligations Law § 11-106; *Schiavone v City of New York,* 92 NY2d 308; *Ruotolo v State of New York,* 83 NY2d 248; *Santangelo v State of New York,* 71 NY2d 393).

The petitioner's remaining contentions are without merit. Sullivan, J. P., Joy, Krausman and Luciano, JJ., concur.