■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v ANTHONY DANIELS et al., Defendants, and NICHOLAS DONVITO, SR., as Administrator of the Estate of NICHOLAS DONVITO, JR., Deceased, Appellant. (Appeal No. 1.) [703 NYS2d 796] —Judgment unanimously affirmed without costs. Memorandum: Nicholas Donvito, Jr. was killed when the vehicle in which he was a passenger struck a restaurant during a high-speed police chase. Another passenger was also killed. The vehicle was owned by defendant Filomena Madonna and insured by plaintiff, State Farm Mutual Automobile Insurance Company (State Farm). Madonna had given defendant Anthony Daniels permission to drive the vehicle to his place of business to perform some repairs on it but Daniels, who had been drinking through the early morning hours, decided to drive several of his friends to Sylvan Beach. Daniels was convicted of, inter alia, murder in the second degree and unauthorized use of a motor vehicle.

On July 15, 1996, four days after the accident, State Farm issued a reservation of rights letter and, by letter dated September 9, 1996, State Farm disclaimed coverage on the ground that Daniels' use of the vehicle exceeded the scope of the consent of the insured. State Farm commenced this declaratory judgment action against, inter alia, Madonna, Daniels and defendant Nicholas Donvito, Sr., as administrator of his son's estate, seeking a declaration that it was not obligated to defend or indemnify Daniels in any action brought against him as a result of the accident. State Farm moved for summary judgment. Donvito opposed the motion, contending that the notice of disclaimer, given almost two months after the accident, was untimely as a matter of law. State Farm submitted an affidavit from the Team Manager of its East Syracuse Claims Office who explained that, immediately after the accident, Madonna refused to cooperate with State Farm and did not give a statement until August 6, 1996. State Farm then submitted the

statement to legal counsel to obtain an opinion whether State Farm had a valid legal basis for disclaiming coverage. State Farm obtained the opinion of counsel on August 23, 1996, and disclaimed coverage less than three weeks later. Supreme Court granted the motion, declaring that State Farm was not obligated to defend or indemnify Daniels in actions arising from the underlying motor vehicle accident. We affirm.

Although the issue whether a disclaimer is timely pursuant to Insurance Law § 3420 (d) is generally an issue of fact (*see, Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co.,* 267 AD2d 285; *Murphy v Hanover Ins. Co.,* 239 AD2d 323, 324), short, explained delays have been held to be reasonable as a matter of law (*see, e.g., Can-Am Roofing v American States Ins. Co.,* 229 AD2d 973, 975). We conclude that the delay of approximately three weeks following the completion of State Farm's investigation was reasonable, and thus State Farm's motion for summary judgment was properly granted (*see, Silk v City of New York,* 203 AD2d 103, *lv denied* 84 NY2d 810). (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Declaratory Judgment.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.