■ JACK WASSERHEIT et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and

MELVIN KREIDMAN et al., Defendants and Third-Party Plaintiffs-Respondents. ARNOLD E. DIJOSEPH III et al., Third-Party Defendants-Respondents. [705 NYS2d 638] —In an action, *inter alia*, for a judgment declaring the rights of the parties in an uninsured motorist insurance claim, the defendant New York Central Mutual Fire Insurance Company appeals from so much of an order of the Supreme Court, Richmond County (Mastro, J.), entered October 5, 1998, as denied its cross motion to dismiss the complaint and determined that its disclaimer of liability was invalid.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

It is well settled that "[a] failure by the insurer to give [notice of disclaimer] as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial" (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *see, Matter of State Farm Mut. Auto. Ins. Co. v Cote,* 200 AD2d 622, 623; *New York Cent. Mut. Fire Ins. Co. v Markowitz,* 147 AD2d 461, 462). This rule applies even where, as here, the insured failed to provide the carrier with timely notice of the claim in the first instance (*see, Matter of State Farm Mut. Auto. Ins. Co. v Cote, supra,* at 623; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308). Where the ground for disclaiming coverage should have been readily apparent to the carrier when it first received notice of the claim, the requirement for timely notice is particularly applicable (*see, Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507; *Kramer v Interboro Mut. Indem. Ins. Co., supra*). It is the responsibility of the insurer to explain the delay (*see, Hartford Ins. Co. v County of Nassau, supra,* at 1029-1030).

In the instant case, four months after receiving notification of the plaintiffs' claim for uninsured motorist benefits, New York Central Mutual Fire Insurance Company (hereinafter New York Central) notified the plaintiffs that it was disclaiming coverage on the ground that the notice of claim was untimely filed. No explanation was offered by New York Central to justify its four-month delay in notifying the plaintiffs of its disclaimer. Under these circumstances, and given that the primary reason for disclaiming coverage was readily apparent upon receipt of notice of the claim, New York Central's unexplained delay in disclaiming coverage was unreasonable. Bracken, J. P., Joy, Goldstein and Florio, JJ., concur.