■ ALEXANDRA MARKEVICS, Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant. [717 NYS2d 305] —In an action for a judgment declaring, *inter alia,* that the defendant Liberty Mutual Insurance Company is obligated to defend and indemnify the defendant Kerry O'Brien in connection with a personal injury action entitled *Markevics v O'Brien,* pending in the Supreme Court, Westchester County, under

Index No. 12906/96, the defendant Liberty Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered May 13, 1999, as, upon reargument, denied its motion to dismiss the complaint and granted the plaintiff's cross motion for summary judgment declaring that it is obligated to defend and indemnify the defendant Kerry O'Brien in the underlying personal injury action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant Liberty Mutual Insurance Company is obligated to defend and indemnify the defendant Kerry O'Brien in the underlying personal injury action.

The plaintiff, Alexandra Markevics, sustained personal injuries as the result of an automobile accident. She commenced an action against the defendant Kerry O'Brien to recover damages for her injuries, asserting that O'Brien was responsible for the intoxication of the driver of the automobile in which she was a passenger at the time of the accident. It is unclear if O'Brien actually contributed to the driver's intoxication by furnishing alcohol to him, or, if she did, whether she did so in a social or in a business capacity.

By letter dated July 23, 1997, O'Brien's attorney notified Liberty Mutual Insurance Company (hereinafter Liberty) of the Markevics claim. Liberty thereafter disclaimed coverage on the basis of the "business pursuits" exclusion contained in its "homeowners" policy. Liberty did not issue a written disclaimer to O'Brien until November 7, 1997. Liberty did not issue a written disclaimer to Markevics.

In the instant action brought by Markevics seeking a declaration that Liberty is obligated to defend and indemnify O'Brien, the Supreme Court determined that in light of Liberty's failure to comply with Insurance Law § 3420 (d), it was estopped from disclaiming coverage. The Supreme Court therefore denied Liberty's motion for summary judgment, and granted the plaintiff's cross motion for summary judgment declaring that Liberty was obligated to defend and, if necessary, indemnify O'Brien in the underlying action. On appeal, Liberty argues that it had no duty to comply with Insurance Law § 3420 (d). We disagree.

Liberty's "deluxe homeowners policy" covers a variety of perils. It named William and Carol O'Brien, the parents of Kerry O'Brien, as the insured homeowners, and it further defined the term "insured" so as to include "residents of [their]

household who are [their] relatives." For the purposes of liability coverage, the policy defined the term "bodily injury" so as to include "bodily harm, sickness or disease." The term "occurrence" was defined so as to include "an accident * * * which results * * * in * * * bodily injury." It unambiguously affords coverage whenever "a claim is made or a suit is brought against an insured for damages because of bodily injury * * * caused by an occurrence."

Here, there is no question that Kerry O'Brien is an insured person under this policy. It is equally beyond question that a claim was made against her for damages because of bodily injury caused by an occurrence. The foregoing provisions clearly create coverage in this case, and, were the policy otherwise silent, there would be coverage. However, the policy is not otherwise silent, but instead contains various exclusions, upon one of which, the business pursuits exclusion, Liberty relied in issuing its disclaimer. However, that disclaimer was not made in compliance with the terms of Insurance Law § 3420 (d), which requires that a disclaimer be made in writing, as soon as reasonably possible, and to the insured person as well as to the injured person (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028 [unexplained delay of two months in disclaiming unreasonable as a matter of law]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507 [unexplained delay of 41 days in disclaiming unreasonable as a matter of law]).

Liberty's argument that compliance with Insurance Law § 3420 (d) was not necessary is not well founded. The Court of Appeals has repeatedly held that for the purpose of determining whether a liability insurance carrier has a duty to promptly disclaim in accordance with Insurance Law § 3420 (d), a distinction must be made between (a) policies which contain no provisions extending coverage to the subject loss, and (b) policies which do contain provisions extending coverage to the subject loss, and which would thus cover the subject loss but for the existence, elsewhere in the policy, of an exclusionary clause. It is only in the former case that compliance with Insurance Law § 3420 (d) may be dispensed with (*see, Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185; *Zappone v Home Ins. Co.,* 55 NY2d 131).

Here, the policy provides coverage. Were it not for the presence of an exclusion, the loss would be covered. Under the test defined by the Court of Appeals in *Matter of Worcester Ins. Co. v Bettenhauser (supra),* there is no question that compliance with Insurance Law § 3420 (d) was required. In several cases

involving a disclaimer made in reliance on a business pursuits exclusion, the courts have held that compliance with Insurance Law § 3420 (d) is mandatory (*see, Matter of Transportation Ins. Co. v Sellitto,* 267 AD2d 462; *Allegany Co-op Ins. Co. v Kohorst,* 254 AD2d 744; *Utica Fire Ins. Co. v Spagnolo,* 221 AD2d 921; *Dryden Mut. Ins. Co. v Michaud,* 115 AD2d 150).

Our colleagues in the dissent assert that the language of the insurance contract at bar does not lead to the conclusion that, absent an exclusion, it would have provided the dram shop liability coverage sought by the plaintiff. We believe that the meaning of the language quoted above is unambiguous.

What the dissent is, in fact, advocating is a return to the rule that, under some circumstances at least, a liability insurance carrier that is disclaiming on the basis of what the policy itself designates as an exclusion from coverage, rather than on the basis of the total absence of coverage, need not disclaim promptly or otherwise comply with Insurance Law § 3420 (d). This is precisely the analysis which was employed by this Court in *Matter of Worcester Ins. Co. v Bettenhauser* (260 AD2d 488, *revd* 95 NY2d 185, *supra*) and which is no longer viable in light of the reversal of our order in that case.

For the foregoing reasons, the Supreme Court properly determined that Liberty is obligated to defend and indemnify O'Brien in connection with the Markevics action. Bracken, J. P., Sullivan and S. Miller, JJ., concur.

Santucci, J., dissents and votes to reverse the order appealed from in the following memorandum in which Thompson, J., joins: In my opinion, the homeowners' insurance policy issued by the defendant Liberty Mutual Insurance Company (hereinafter Liberty) was never written or intended to provide dram shop coverage, and thus I vote to reverse.

Pursuant to Insurance Law § 3420 (d), an insurer has an obligation to "give written notice [of its disclaimer] as soon as is reasonably possible * * * to the insured and the injured person or any other claimant." However, there is no reason for an insurer to timely disclaim coverage which does not exist under the policy *ab initio (see, Zappone v Home Ins. Co.,* 55 NY2d 131). Contrary to the opinion of our colleagues in the majority, the homeowners' policy at issue did not furnish coverage in the first instance.

As noted by the majority, Liberty's policy states that it provides coverage for a lawsuit brought against an insured for damages because of bodily injury caused by an occurrence. It defines the term "occurrence" as an "accident." In the majority's opinion, it is "beyond question that a claim was made against

[O'Brien] for damages because of bodily injury caused by an occurrence." However, while there is no doubt that the plaintiff sustained bodily injury in an automobile accident, her claim against O'Brien does not arise from that "occurrence," but instead arises as a result of Kerry O'Brien's (hereinafter O'Brien) alleged "non-accidental" action of serving alcohol to the driver of the car in which the plaintiff was injured. Such action does not constitute an occurrence within the meaning of this policy.

More importantly, the plaintiff is only able to assert a claim against O'Brien by virtue of the so-called Dram Shop statute (*see,* General Obligations Law § 11-101). Indeed, in the absence of this statute, the plaintiff would have no legally cognizable claim against O'Brien. Therefore, insofar as O'Brien is concerned, the plaintiff's claim is not based upon an occurrence under the policy, but is a purely statutory creation. However, nowhere in the policy is there language which would support the conclusion that liability coverage is provided for a claim asserted under General Obligations Law § 11-101.

In fact, it is unreasonable to find that this policy ever contemplated indemnification coverage for a risk (such as dram shop liability) which is so completely unrelated to the insurance coverage purposes of a homeowners' policy. To require coverage under the circumstances presented herein (i.e., as a result of the insurer's failure to timely disclaim) would "produce the unfair result * * * [of] imposing on the insurer 'an added source of indemnification which had never been contracted for and for which no premium had ever been paid'" (*Planet Ins. Co. v Bright Bay Classic Vehicles,* 75 NY2d 394, 402, quoting *Zappone v Home Ins. Co., supra*).

Furthermore, this conclusion is not altered by the fact that the policy contains the "business pursuits" exclusion, because in the first instance, the plaintiff's claim does not fall within the policy's coverage provisions (*cf., Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185; *Handelsman v Sea Ins. Co.,* 85 NY2d 96). I am also aware that this Court has recently held that an insurer is required to timely disclaim coverage under an automobile policy's business pursuits exclusion in connection with an insured police officer's underinsured motorist claim arising from injuries he suffered when he was struck by a vehicle while in the course of investigating another motor vehicle accident (*see, Matter of Transportation Ins. Co. v Sellitto,* 267 AD2d 462). However, the *Sellitto* case and the case at bar involve two fundamentally different types of insurance policies, automobile versus homeowners'. It is this very difference which

makes the two cases easily distinguishable since it is clear that the *automobile* policy in *Sellitto* provided coverage, *ab initio*, for an underinsured motorist claim by the insured. Indeed, it is beyond cavil that underinsured motorist coverage is contemplated by an automobile insurance contract which contains such option. Thus, since the *Sellitto* policy did provide underinsured motorist coverage, except for the business pursuit exclusion, the insurer therein was obligated to timely disclaim based on the exclusion. Here, on the other hand, the *homeowners'* policy did not provide "dram shop" coverage in the first instance, despite the fact that the policy also contained a business pursuits exclusion.

Therefore, there was no obligation upon the part of Liberty to timely disclaim (pursuant to the business pursuits exclusion) coverage which never existed, and its failure to do so does not preclude its denial of coverage for the claim asserted against O'Brien by the plaintiff (*see, Matter of Prudential Prop. & Cas. Ins. Co. v Hobson*, 67 NY2d 19; *Matter of Worcester Ins. Co. v Bettenhauser, supra*). Accordingly, I would reverse the order of the Supreme Court insofar as appealed from and declare that Liberty is not obligated to indemnify and defend O'Brien in the underlying action.