■ STATE OF NEW YORK, Appellant, v GENERAL STAR INDEMNITY COMPANY, Respondent. [751 NYS2d 47] —In an action for a judgment declaring, inter alia, that the defendant is obligated to indemnify its insured, GBE Contracting Corp., in an action entitled *State of New York v GBE Contr.,* commenced in the Supreme Court, Nassau County, under Index No. 021150-96, the plaintiff appeals (1) from an order of the Supreme

Court, Nassau County (Segal, J.), entered August 24, 2001, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint, and (2), as limited by its brief, from so much of an order of the same court (Segal, J.), entered October 19, 2001, as, upon reargument, adhered to the original determination and further determined that the defendant's notice of disclaimer was timely and effective.

Ordered that the appeal from the order entered August 24, 2001, is dismissed, as that order was superseded by the order entered October 19, 2001, made upon reargument; and it is further,

Ordered that the order entered October 19, 2001, is reversed insofar as appealed from, on the law, and upon reargument, the order entered August 24, 2001, is vacated, the plaintiff's motion is granted, the cross motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that General Star Indemnity Company is obligated to indemnify GBE Contracting Corp. in the action entitled *State of New York v GBE Contr.;* and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In 1994 the plaintiff, State of New York, entered into a contract with GBE Contracting, Inc. (hereinafter GBE), for the repair of various bridges in Nassau and Suffolk counties. The contract provided, inter alia, that GBE "shall indemnify and save harmless" the State from claims arising from the contract work. During the relevant period, GBE was insured under a general liability insurance policy issued by the defendant, General Star Indemnity Company (hereinafter General Star). In the course of this project, an employee of GBE, who was injured when he fell from a "scaffold truck," commenced a personal injury action against the State. Thereafter, the State provided General Star and GBE with notice of the employee's lawsuit, and advised that the State was entitled to defense and indemnification under the policy of insurance which GBE purchased from General Star. More than one year later, General Star issued a disclaimer of liability with respect to the employee's lawsuit.

In July 1996 the State commenced an action in Supreme Court, Nassau County, against GBE, seeking, inter alia, contribution and/or indemnification for any recovery which the employee might obtain against the State in his personal injury lawsuit. GBE failed to answer or appear in that action, and in December 1996 the State obtained a judgment against GBE

upon its default. In April 1999 the State commenced the present action against General Star, seeking a declaration that General Star was obligated to indemnify GBE in the State's action against GBE, and to hold the State harmless on any judgment entered against the State in the employee's personal injury action. In July 1999 the employee obtained a judgment against the State which was satisfied by the State in August 1999.

In the case on appeal, the Supreme Court granted General Star's cross motion for summary judgment dismissing the complaint concluding, inter alia, that its disclaimer was timely and effective. We reverse.

The Supreme Court improperly concluded that the State was not entitled to indemnification in the employee's lawsuit under the General Star policy which was issued to GBE (*see generally North Star Reinsurance Corp. v Continental Ins. Co.*, 82 NY2d 281). In any event, General Star failed to timely disclaim such coverage.

It is well settled that if an insurer disclaims liability or denies coverage for bodily injury arising out of an accident, the insurer must give written notice "as soon as is reasonably possible" of such disclaimer "to the insured and the injured person or any other claimant" (Insurance Law § 3420 [d]). It is the insurer's burden to explain the delay in notifying the insured or the injured party of the disclaimer (*see Prudential Prop. & Cas. Ins. v Persaud*, 256 AD2d 502, 504). The reasonableness of any delay is determined from the time the insurer becomes aware of sufficient facts to disclaim coverage or "after it first learns of the accident or grounds for disclaimer" (*Prudential Prop. & Cas. Ins. v Persaud, supra* at 504; *see Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co.*, 267 AD2d 285, 286).

Here, 13 months after receiving notice of the employee's lawsuit and the State's claim for indemnification, General Star notified GBE and the State that it was disclaiming coverage. No explanation was offered by General Star to justify the lengthy delay for its disclaimer, which was unreasonable as a matter of law (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Interested Underwriters at Lloyds v Midge Rest. Corp.*, 283 AD2d 459; *Wasserheit v New York Cent. Mut. Fire Ins. Co.*, 271 AD2d 439). Accordingly, the State was entitled to summary judgment declaring that General Star was obligated to indemnify its insured, GBE, in the underlying action (*see Markevics v Liberty Mut. Ins. Co., supra*). Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.