■ In the Matter of PATRICK COSGRIFF, Respondent, v PROGRESSIVE INSURANCE COMPANY, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant. [757 NYS2d 319] —In a proceeding pursuant to CPLR article 75 to compel arbitration of an uninsured motorist claim, Allstate Insurance Company appeals from a judgment of the Supreme Court, Richmond County (Ponterio, J.), entered April 6, 2002, which, inter alia, stayed the arbitration and determined that its disclaimer of coverage was invalid and of no force and effect.

Ordered that the judgment is affirmed, with costs.

Insurance Law § 3420 (d) provides that insurers shall "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." The insurer has the burden to explain any delay in providing notice of a disclaimer or denial of coverage, and the reasonableness of such delay is a question of fact which is determined upon the facts and circumstances of each case (see Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co., 267 AD2d 285, 286 [1999]; Prudential Prop. & Cas. Ins. v Persaud, 256 AD2d 502 [1998]).

The petitioner notified Allstate Insurance Company (hereinafter Allstate) of the January 26, 1999, accident by letter dated February 16, 1999. Allstate responded by letter dated May 7, 1999, advising the petitioner's counsel that it was "confident" that the subject claim could be resolved in the near future. Thereafter, by letter dated June 15, 2000, Allstate issued a disclaimer of coverage. However, Allstate failed to provide any explanation for its 17-month delay in issuing a disclaimer. As such, the delay by Allstate was unreasonable as a matter of law (see Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co., supra; Prudential Prop. & Cas. Inc. v Persaud, supra). Accordingly, the Supreme Court correctly determined that the disclaimer was invalid and of no effect.

Allstate's remaining arguments are either dehors the record (see R & J Yorek v MCL Constr., 173 AD2d 531, 532 [1991]; Carhuff v Barnett's Bake Shop., 54 AD2d 969 [1976]) or unpreserved for appellate review (see Rosendale v Galin, 266 AD2d 444, 445 [1999]; Gross v Aetna Cas. & Sur. Co., 240 AD2d 468 [1997]). Smith, J.P., McGinity, Cozier and Mastro, JJ., concur.