■ ALIZA HALALI et al., Respondents, v EVANSTON INSURANCE COMPANY, Appellant. [779 NYS2d 119]—

In an action, inter alia, for a judgment declaring that the de-

fendant is obligated to indemnify Vista Environments, Inc., in an underlying personal injury action entitled *Halali v Vista Environments,* commenced in the Supreme Court, Kings County, under index No. 17957/96, the defendant appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Kings County (Douglass, J.), dated September 6, 2002, as denied its motion for summary judgment and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring, in effect, that it is obligated to indemnify Vista Environments, Inc., and (2) so much of an order of the same court dated November 15, 2002, as, upon reargument, in effect, adhered to its prior determination.

Ordered that the appeal from the order dated September 6, 2002, is dismissed, as that order was superseded by the order dated November 15, 2002, made upon reargument; and it is further,

Ordered that the order dated November 15, 2002, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is obligated to indemnify Vista Environments, Inc., in the underlying personal injury action entitled *Halali v Vista Environments,* commenced in the Supreme Court, Kings County, under index No. 17957/96; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In August 1993 the defendant issued an insurance binder to Vista Environments, Inc. (hereinafter Vista), providing general liability coverage for a hotel managed by Vista. On September 1, 1993, during the period the binder was in effect, the plaintiff Aliza Halali was injured when she fell on the hotel property. After learning the identity of Vista's insurer, the plaintiffs, Mrs. Halali and her husband, notified the defendant of the claim on December 13, 1994. By letter dated January 31, 1995, the defendant disclaimed coverage on the ground that the binder provided "claims-made" coverage and the plaintiffs' claim was not made during the period the insurance was in effect. The plaintiffs subsequently commenced a personal injury action against Vista in which they obtained a default judgment. They also commenced this action against the defendant, inter alia, seeking a declaration that the defendant was obligated to indemnify Vista.

The Supreme Court properly denied the defendant's motion for summary judgment and granted that branch of the plaintiffs' cross motion which was, in effect, for summary judgment declaring that the defendant was obligated to indemnify Vista. Under

the insurance regulations in effect at the relevant time, the defendant, an unauthorized insurer in this state, could not provide insurance coverage on a "claims-made" basis to Vista (*see* 11 NYCRR former 27.11 [repealed 1994]; 73.2; *Matter of Paterno, Inc. v Curiale*, 88 NY2d 328, 331-332, 334 [1996]). Therefore, the binder must be construed to provide coverage on an "occurrence" basis (*see* Insurance Law § 3103 [a]). Mrs. Halali's accident occurred during the period the binder was in effect.

When an injured party exercises his or her right to provide notice of an accident, the insurer must promptly advise the injured party "with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]). The defendant did not disclaim on the ground of late notice from the plaintiffs and, therefore, it cannot rely on that ground now (*id.* at 864). Further, even if it had disclaimed on that basis, its unexplained delay in disclaiming coverage was unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64 [2003]; *Faas v New York Cent. Mut. Fire Ins. Co.*, 281 AD2d 586 [2001]).

The parties' remaining contentions either are without merit or need not be reached in light of the foregoing. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.