■ PAWLEY INTERIOR CONTRACTING, INC., Respondent, v HARLEYSVILLE INSURANCE COMPANIES, Appellant. [782 NYS2d 660]—

In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff Pawley Interior Contracting, Inc., in an underlying personal injury action entitled *Southerland v Pawley Interior Contr.*, pending in the Supreme Court, Kings County, under Index No. 48697/99, the defendant appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), entered May 7, 2003, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant was not entitled to summary judgment on the ground that a policy exclusion for liability arising out of the supervision of certain work (hereinafter the supervision exclusion) precluded coverage. An insurer must give timely notice of a disclaimer "as soon as is reasonably possible" after it first learns of the accident or the ground for the disclaimer of liability (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028 [1979]; *see Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co.*, 267 AD2d 285 [1999]; Insurance Law § 3420 [d]). It is the insurer's burden to explain the delay in notifying the insured of its disclaimer and the reasonableness of the delay must be determined from the time the insurer was aware of facts sufficient to disclaim (*see Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co., supra; Ward v Corbally, Gartland & Rappleyea*, 207 AD2d 342 [1994]). Here, the appellant insurer received notification of the accident on or about March 2, 2000 but

inexplicably failed to disclaim liability based on the supervision exclusion of its policy until on or about May 12, 2000. While an unexplained two-month delay has been held unreasonable as a matter of law (*see Hartford Ins. Co. v County of Nassau, supra; see also Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507 [1993]), under the circumstances of this case, an issue of fact exists as to the whether the delay in disclaiming liability was reasonable (*see Murphy v Hanover Ins. Co.*, 239 AD2d 323 [1997]; *Wilczak v Ruda & Capozzi*, 203 AD2d 944 [1994]).

There is also no merit to the appellant's contention that it is entitled to summary judgment because the plaintiff provided late notice of the accident. An insurer's justification for denying coverage is strictly limited to those grounds stated in its notice of disclaimer (*see Abreu v Huang*, 300 AD2d 420 [2002]). As the appellant failed to disclaim on the ground of late notice by the plaintiff, it waived the right to disclaim liability on that ground (*see General Acc. Ins. Group v Cirucci*, 46 NY2d 862 [1979]; *Halali v Evanston Ins. Co.*, 8 AD3d 431 [2004]).

The parties' remaining contentions need not be reached in light of the foregoing. Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.