■ MADELINE FELICE et al., Respondents-Appellants, v CHUBB & SON, INC., et al., Appellants-Respondents. [888 NYS2d 437]—

In an action for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiffs in an underlying wrongful death action entitled *Zaccaria v Plagianakos*, pending in the Supreme Court, Kings County, under index No. 30675/07, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 18, 2008, as denied their motion

for summary judgment, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

An insurance carrier must give timely notice of a disclaimer "as soon as is reasonably possible" after it first learns of the accident or grounds for disclaimer of liability (Insurance Law § 3420 [d] [2]; *see Pawley Interior Contr., Inc. v Harleysville Ins. Cos.*, 11 AD3d 595 [2004]; *Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co.*, 267 AD2d 285, 285-286 [1999]). It is the insurance carrier's burden to explain the delay in notifying the insured or injured party of its disclaimer, and the reasonableness of any such delay must be determined from the time the insurance carrier was aware of sufficient facts to disclaim coverage (*see Pawley Interior Contr., Inc. v Harleysville Ins. Cos.*, 11 AD3d at 595; *Prudential Prop. & Cas. Ins. v Persaud*, 256 AD2d 502, 504 [1998]). Further, the issue of whether a disclaimer was unreasonably delayed is generally a question of fact, requiring an assessment of all relevant circumstances surrounding a particular disclaimer (*see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 69 [2003]; *Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co.*, 267 AD2d at 286). Cases in which the reasonableness of an insurer's delay may be decided as a matter of law are exceptional and present extreme circumstances (*see Continental Cas. Co. v Stradford*, 11 NY3d at 449; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1030 [1979]; *Allstate Ins. Co. v Gross*, 27 NY2d 263, 270 [1970]). We agree with the Supreme Court that there is a question of fact as to whether the defendants' disclaimer was unreasonably delayed (*see Pawley Interior Contr., Inc. v Harleysville Ins. Cos.*, 11 AD3d at 596; *Mount Vernon Hous. Auth. v Public Serv. Mut. Ins. Co.*, 267 AD2d at 286). Rivera, J.P., Fisher, Belen and Austin, JJ., concur.