■ QUINCY MUTUAL FIRE INSURANCE COMPANY, Respondent, v MARTIN ENOE, Appellant, et al., Defendants. [967 NYS2d 130]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Martin Enoe in an underlying personal injury action entitled *Dixon v Enoe*, pending in the Supreme Court, Kings County, under index No. 27510/09, the defendant Martin Enoe appeals from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated August 10, 2011, as granted the plaintiff's motion for summary judgment declaring that it is not obligated to defend and indemnify him in the underlying personal injury action.

Ordered that the order is affirmed insofar as appealed from,

with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Martin Enoe in the underlying personal injury action.

Insurance Law § 3420 (d) (2) provides that if "an insurer shall disclaim liability or deny coverage for death or bodily injury . . . it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant" (Insurance Law § 3420 [d] [2]). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1056 [1991]; see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 69 [2003]). While an investigation into issues affecting the decision whether to disclaim coverage may excuse delay (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 69), the burden is on the insurer to explain the delay in notifying the insured or injured party of the disclaimer (see State of New York v General Star Indem. Co., 299 AD2d 537, 539 [2002]).

The plaintiff, Quincy Mutual First Insurance Company (hereinafter Quincy), made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not learn of the grounds for issuing a disclaimer until on or around April 19, 2010, when it was notified by its investigator that the defendant Martin Enoe did not live in the same residence as the plaintiffs in the underlying personal injury action during the relevant time period. Receipt of this information was necessary for Quincy to determine whether Enoe was entitled to coverage under an exception to the lead-paint exclusion in his insurance policy. Quincy's issuance of a disclaimer 21 days later, on May 10, 2010, was timely as a matter of law (see Magistro v Buttered Bagel, Inc., 79 AD3d 822, 825 [2010]; Blue Ridge Ins. Co. v Jiminez, 7 AD3d 652, 653 [2004]; Generali-U.S. Branch v Rothschild, 295 AD2d 236 [2002]; Farmbrew Realty Corp. v Tower Ins. Co. of N.Y., 289 AD2d 284, 285 [2001]). In response, Enoe failed to raise a triable issue of fact as to the timeliness of the disclaimer.

Enoe's contention that the disclaimer issued on May 10, 2010, was invalid because Quincy did not provide notice of the disclaimer to the plaintiffs in the underlying personal injury action is without merit. Since the plaintiffs in the underlying personal injury action did not exercise their right to provide Quincy with independent notification of the claim pursuant to Insurance Law § 3420 (a) (3), Quincy was not required to notify

them of its disclaimer (*see Konig v Hermitage Ins. Co.*, 93 AD3d 643, 645 [2012]; *Viggiano v Encompass Ins. Company/Fireman's Ins. Co. of Newark, N.J.*, 6 AD3d 695 [2004]).

The parties' remaining contentions are either without merit or not properly before us on this limited appeal.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Martin Enoe in the underlying personal injury action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Eng, P.J., Rivera, Lott and Cohen, JJ., concur.